# United States District Court
## District of Utah

**Gary P. Serdar**
Clerk of Court



**Alison J. Adams**
Chief Deputy Clerk

August 11, 2023

Jerome Mooney
Jeffrey Keith Sandman
D. Gill Sperlein

 

RE:     NOTICE OF APPEAL
          Free Speech Coalition et al v. Anderson et al
          Plaintiff/Appellant  Defendant/Appellee
          Lower Docket:  2:23-cv-00287-TS

The notice of appeal for this case has been filed.

**RETAINED** Counsel for the appellant is instructed to download the "Initial Appeal Documents and Instructions" for this appeal from www.ca10.uscourts.gov  In addition, counsel will need to download the "Designation of Record" form from the 10th Circuit web site.   Please follow the instructions for Transcript Order Form and Docketing Statement (for appellant only) regarding counsel's responsibility for compliance. For specific requirements concerning transcripts, records on appeal, briefs and appendices to briefs, please refer to the Federal Rules of Appellate Procedure and the Rules of the Tenth Circuit Court of Appeals. Rules of the Tenth Circuit are available at www.ca10.uscourts.gov.

Counsel and the Tenth Circuit will receive the following via CM/ECF (If counsel or party are not e-filers, they will receive these documents by mail): Order/Judgment being appealed from, Notice of Appeal, Letter of Transmission of the Preliminary Record on Appeal, Docket Sheet. This case does not contain any sealed entries or documents.

Sincerely,

Gary P. Serdar, Clerk

By:

MOZELLE HIATT
DEPUTY CLERK

 

**cc**: Clerk, U.S. Court of Appeals, Tenth Circuit         Judge Ted Stewart
Court Reporter:                                  Counsel of Record
District: 1088                                    Division: Central
Jurisdiction: Federal Question
Fee Status: Paid

APPEAL,CLOSED

Email All Attys

Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: <u>2:23–cv–00287–TS</u>

| | |
|---|---|
| Free Speech Coalition et al v. Anderson et al | Date Filed: 05/03/2023 |
| Assigned to: Judge Ted Stewart | Date Terminated: 08/01/2023 |
| Cause: 42:1983 Civil Rights Act | Jury Demand: Plaintiff |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**Free Speech Coalition**                   represented by   **Jerome H. Mooney**
WESTON GARROU & MOONEY
12121 WILSHIRE BLVD, STE 525
LOS ANGELES, CA 90025
(801)364–5635
Email: jerrym@mooneylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**D. Gill Sperlein**
THE LAW OFFICE OF D. GILL
SPERLEIN
345 GROVE ST
SAN FRANCISCO, CA 94102
415–404–6615
Fax: 415–404–6616
Email: gill@sperleinlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Sandman**
WEBB DANIEL FRIEDLANDER LLP
5208 MAGAZINE ST STE 364
NEW ORLEANS, LA 70115
978–886–0639
Email: jeff.sandman@webbdaniel.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**D.S. Dawson**                   represented by   **Jerome H. Mooney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**D. Gill Sperlein**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Sandman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Deep Connection Technologies**                  represented by   **Jerome H. Mooney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**D. Gill Sperlein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Sandman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Charyn Pfeuffer**                  represented by   **Jerome H. Mooney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**D. Gill Sperlein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Sandman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**JFF Publications**                  represented by   **Jerome H. Mooney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**D. Gill Sperlein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Jeffrey Sandman
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Doe**                                       represented by   **Jerome H. Mooney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**D. Gill Sperlein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Sandman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jess L. Anderson**                               represented by   **David N. Wolf**
*in his official capacity as the*                                  UTAH ATTORNEY GENERAL'S
*Commissioner of the Utah Department of*                           OFFICE (160–6–140856)
*Public Safety*                                                    LITIGATION UNIT
                                                                   160 E 300 S 6TH FL
                                                                   PO BOX 140856
                                                                   SALT LAKE CITY, UT 84114–0856
                                                                   (801)366–0100
                                                                   Email: dnwolf@agutah.gov
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Jason N. Dupree**
UTAH ATTORNEY GENERAL'S
OFFICE (160–STATE AGENCY)
STATE AGENCY COUNSEL
160 E 300 S
SALT LAKE CITY, UT 84114
801–366–0100
Email: jdupree@agutah.gov
*ATTORNEY TO BE NOTICED*

**Lance F. Sorenson**
UTAH ATTORNEY GENERAL'S
OFFICE (160–6–140856)
LITIGATION UNIT

3

160 E 300 S 6TH FL
PO BOX 140856
SALT LAKE CITY, UT 84114–0856
(801)366–0557
Email: lancesorenson@agutah.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sean D. Reyes**
*in his official capacit as the Attorney*
*General of the State Of Utah*

represented by **David N. Wolf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason N. Dupree**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lance F. Sorenson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/03/2023 | 1 | | Case has been indexed and assigned to Judge Ted Stewart. Plaintiffs D.S. Dawson, Deep Connection Technologies, Free Speech Coalition, JFF Publications, Charyn Pfeuffer is directed to E–File the Complaint  and cover sheet (found under Complaints and Other Initiating Documents) and pay the filing fee of $ 402. by the end of the business day. NOTE: The court will not have jurisdiction until the opening document is electronically filed and the filing fee paid in the CM/ECF system. Civil Summons may be issued electronically. Prepare the summons using the courts PDF version and email it to utdecf_clerk@utd.uscourts.gov for issuance. (ks) (Entered: 05/03/2023) |
| 05/03/2023 | 2 | | COMPLAINT against All Plaintiffs (Filing fee $ 402, receipt number AUTDC–4667680) filed by Charyn Pfeuffer. (Mooney, Jerome) (Entered: 05/03/2023) |
| 05/04/2023 | 3 | | NOTICE OF REQUIREMENTS for appearance phv e–mailed to attorney Jeffrey Keith Sandman, for Plaintiffs D.S. Dawson, Deep Connection Technologies, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. (ks) (Entered: 05/04/2023) |
| 05/04/2023 | 4 | | NOTICE OF REQUIREMENTS for appearance phv e–mailed to attorney D. Gill Sperlein, for Plaintiffs D.S. Dawson, Deep Connection Technologies, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. (ks) (Entered: 05/04/2023) |
| 05/04/2023 | 5 | | ORDER REFERRING CASE to Magistrate Judge Daphne A. Oberg under 28:636 (b)(1)(A). Magistrate to hear and determine all nondispositive pretrial matters. Signed by Judge Ted Stewart on 5/4/2023. (cg) (Entered: 05/04/2023) |
| 05/04/2023 | 6 | | |

4

| | | MOTION for Admission Pro Hac Vice of D. Gill Sperlein , Registration fee $ 250, receipt number AUTDC–4668381,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.<br><br>filed by Plaintiffs D.S. Dawson, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. (Mooney, Jerome) (Entered: 05/04/2023) |
|---|---|---|
| 05/04/2023 | 7 | MOTION for Admission Pro Hac Vice of Jeffrey Keith Sandman , Registration fee $ 250, receipt number AUTDC–4668393,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.<br><br>filed by Plaintiffs D.S. Dawson, Deep Connection Technologies, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. (Mooney, Jerome) (Entered: 05/04/2023) |
| 05/04/2023 | 8 | MOTION Designated Plaintiffs to proceed Pseudonymously and Memorandum in Support filed by Plaintiffs D.S. Dawson, Deep Connection Technologies, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. (Attachments: # 1 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Mooney, Jerome) (Entered: 05/04/2023) |
| 05/04/2023 | 9 | ORDER granting 6 Motion for Admission Pro Hac Vice of Attorney D. Gill Sperlein for D.S. Dawson,D. Gill Sperlein for Deep Connection Technologies,D. Gill Sperlein for Free Speech Coalition,D. Gill Sperlein for JFF Publications,D. Gill Sperlein for Charyn Pfeuffer.<br><br>*Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Instructions are available at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.*<br><br>*Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at https://www.utd.uscourts.gov/rules–practice.*<br><br>Signed by Judge Ted Stewart on 5/4/2023. (mh) (Entered: 05/04/2023) |
| 05/04/2023 | 10 | ORDER granting 7 Motion for Admission Pro Hac Vice of Attorney Jeffrey Sandman for D.S. Dawson,Jeffrey Sandman for Deep Connection Technologies,Jeffrey Sandman for Free Speech Coalition,Jeffrey Sandman for JFF Publications,Jeffrey Sandman for Charyn Pfeuffer. |

| | | | |
|---|---|---|---|
| | | | *Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at* https://www.pacer.uscourts.gov/cmecf/dcbk.html. *Instructions are available at* https://www.utd.uscourts.gov/cmecf−electronic−case−filing.<br><br>*Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at* https://www.utd.uscourts.gov/rules−practice.<br><br>Signed by Judge Ted Stewart on 5/4/2023. (mh) (Entered: 05/04/2023) |
| 05/05/2023 | 11 | | ORDER TO PROPOSE SCHEDULE − See order for details. Signed by Magistrate Judge Daphne A. Oberg on 5/5/2023. (mh) (Entered: 05/05/2023) |
| 05/09/2023 | 12 | | NOTICE TO PLAINTIFFS OF MAGISTRATE JUDGE AVAILABILITY TO PRESIDE OVER CASE− Under 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and DUCivR 72−4, you are hereby notified that a magistrate judge for the District of Utah may conduct any or all proceedings in this case, including a jury or bench trial and entry of a final judgment. Exercise of this jurisdiction by the magistrate judge is permitted only if all parties voluntarily sign and return the form. To consent, return the Consent Form to the clerk's office within 21 days via email at consents@utd.uscourts.gov or mail at the address on the form. **Please do not efile the Consent Form in the case.** Notice e−mailed or mailed to Plaintiffs D.S. Dawson, Deep Connection Technologies, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. Form due by 5/30/2023. (alf) (Entered: 05/09/2023) |
| 05/11/2023 | 13 | | NOTICE of Appearance by David N. Wolf on behalf of Jess L. Anderson, Sean D. Reyes (Wolf, David) (Entered: 05/11/2023) |
| 05/11/2023 | 14 | | NOTICE of Appearance by Lance F. Sorenson on behalf of Jess L. Anderson, Sean D. Reyes (Sorenson, Lance) (Entered: 05/11/2023) |
| 05/11/2023 | 15 | | NOTICE of Appearance by Jason N. Dupree on behalf of Jess L. Anderson, Sean D. Reyes (Dupree, Jason) (Entered: 05/11/2023) |
| 05/25/2023 | 16 | | STRICKEN ~~Stipulated MOTION for Leave to File Excess Pages and Memorandum in Support~~ *Preliminary Injunction, Response, and Reply* ~~filed by Plaintiffs D.S. Dawson, Deep Connection Technologies, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. (Attachments: # 1 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Sperlein, D.)~~ Modified by striking entry on 5/26/2023. Counsel to file a new motion (mh). (Entered: 05/25/2023) |
| 05/25/2023 | 17 | | WAIVER OF SERVICE Returned Executed filed by Free Speech Coalition, D.S. Dawson, Charyn Pfeuffer, JFF Publications, Deep Connection Technologies as to Jess L. Anderson Waiver sent on 5/10/2023, answer due 7/10/2023. (Sperlein, D.) (Entered: 05/25/2023) |
| 05/25/2023 | 18 | | WAIVER OF SERVICE Returned Executed filed by Free Speech Coalition, D.S. Dawson, Charyn Pfeuffer, JFF Publications, Deep Connection Technologies as to Sean D. Reyes Waiver sent on 5/10/2023, answer due 7/10/2023. (Sperlein, D.) (Entered: 05/25/2023) |
| 05/25/2023 | 19 | | |

|  |  |  | CERTIFICATE OF SERVICE by D.S. Dawson, Deep Connection Technologies, Free Speech Coalition, JFF Publications, Charyn Pfeuffer re 8 MOTION Designated Plaintiffs to proceed Pseudonymously and Memorandum in Support (Sperlein, D.) (Entered: 05/25/2023) |
| 05/26/2023 | 20 |  | Modification of Docket re 16 Stipulated MOTION for Leave to File Excess Pages: Per telephone conversation with counsel, entry 16 has been stricken. Counsel to file a new Motion for Leave which will receive a new document number. (mh) (Entered: 05/26/2023) |
| 05/26/2023 | 21 |  | Stipulated MOTION for Leave to File Excess Pages and Memorandum in Support *re Motion for Preliminary Injunction, Response, & Reply* filed by Plaintiffs D.S. Dawson, Deep Connection Technologies, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. (Attachments: # 1 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Sperlein, D.) (Entered: 05/26/2023) |
| 05/26/2023 | 22 |  | Motions No Longer Referred: 21 Stipulated MOTION for Leave to File Excess Pages and Memorandum in Support *re Motion for Preliminary Injunction, Response, & Reply*. The district judge will address the motion. (rw) (Entered: 05/26/2023) |
| 05/30/2023 | 23 |  | ORDER granting 21 Motion for Leave to File Excess Pages. The Court will grant the request for an additional 10 pages for the motion and response and an additional 5 pages for the reply brief. Signed by Judge Ted Stewart on 5/30/2023. (mh) (Entered: 05/30/2023) |
| 05/31/2023 | 24 |  | Plaintiff's MOTION for Preliminary Injunction and Memorandum in Support filed by Plaintiffs D.S. Dawson, Deep Connection Technologies, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. (Attachments: # 1 Declaration of Alison Boden, # 2 Declaration of Dominic Ford, # 3 Declaration of Andrea Barrica, # 4 Declaration of D.S. Dawson, # 5 Declaration of Charyn Pfeuffer, # 6 Declaration of John Doe)(Sandman, Jeffrey) (Entered: 05/31/2023) |
| 06/05/2023 | 25 |  | **NOTICE OF HEARING ON MOTION** re: 24 Plaintiff's MOTION for Preliminary Injunction and Memorandum in Support : (Notice generated by Chambers (rlr)). <br><br> Motion Hearing set for 7/11/2023 at 11:00 AM in Rm 8.300 before Judge Ted Stewart. (rlr) (Entered: 06/05/2023) |
| 06/06/2023 | 26 |  | **AMENDED NOTICE OF HEARING ON MOTION** re: 24 Plaintiff's MOTION for Preliminary Injunction and Memorandum in Support : (Notice generated by Chambers (rlr)). <br><br> Motion Hearing re−set for 7/17/2023 at 10:00 AM in Rm 8.300 before Judge Ted Stewart. (rlr) (Entered: 06/06/2023) |
| 06/07/2023 | 27 |  | Stipulated MOTION for Scheduling Order *on Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss* filed by Defendants Jess L. Anderson, Sean D. Reyes. (Attachments: # 1 Text of Proposed Order Proposed Order) Motions referred to Daphne A. Oberg.(Wolf, David) Modified by correcting event on 6/9/2023 (mh). (Entered: 06/07/2023) |
| 06/09/2023 | 28 |  | ORDER granting 27 Motion for Extension of Time to File Response/Reply. Defendants' Motion to Dismiss is due June 14, 2023. Defendants' Opposition to |

| | | | |
|---|---|---|---|
| | | | 24 Motion for Preliminary Injunction is due June 30, 2023. Plaintiffs' Opposition to Motion to Dismiss is due June 30, 2023. Defendants' Reply in Support of Motion to Dismiss is due July 13, 2023. Plaintiffs' Reply to in Support of 24 Motion for Preliminary Injunction is due July 13, 2023. Signed by Magistrate Judge Daphne A. Oberg on 6/9/2023. (mh) (Entered: 06/09/2023) |
| 06/14/2023 | 29 | | Defendant's MOTION to Dismiss and Memorandum in Support *Thereof* filed by Defendants Jess L. Anderson, Sean D. Reyes. (Sorenson, Lance) (Entered: 06/14/2023) |
| 06/27/2023 | 30 | | MEMORANDUM DECISION AND ORDER granting 8 MOTION Designated Plaintiffs to proceed Pseudonymously. Accordingly, the pseudonym plaintiffs including the nonparty individual testifying on behalf of Plaintiff JFF Publications, LLCmay proceed pseudonymously in this action as "D.S. Dawson," "John Doe," and "Dominic Ford." However, within fourteen days, the pseudonym plaintiffs shall file the following under seal:<br>1. A copy of the complaint containing the true legal names of D.S. Dawson and John Doe, which shall be maintained under seal unless otherwise ordered.<br>2. A disclosure containing the true legal name of Dominic Ford, which shall be maintained under seal unless otherwise ordered. Signed by Magistrate Judge Daphne A. Oberg on 6/27/2023. (mh) (Entered: 06/27/2023) |
| 06/30/2023 | 31 | | Defendant's MEMORANDUM in Opposition re 24 Plaintiff's MOTION for Preliminary Injunction and Memorandum in Support filed by Defendants Jess L. Anderson, Sean D. Reyes. (Attachments: # 1 Exhibit A)(Sorenson, Lance) (Entered: 06/30/2023) |
| 06/30/2023 | 32 | | MEMORANDUM in Opposition re 29 Defendant's MOTION to Dismiss and Memorandum in Support *Thereof* filed by Plaintiffs D.S. Dawson, Deep Connection Technologies, John Doe, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. (Sandman, Jeffrey) (Entered: 06/30/2023) |
| 07/10/2023 | | | Deadlines/Hearings terminated. The Motion for Preliminary Injunction hearing set for 7/17/2023 is STRICKEN and will be reset for a later date if deemed necessary. (rlr) (Entered: 07/10/2023) |
| 07/11/2023 | 33 | | **SEALED DOCUMENT** re 2 Complaint filed by Plaintiffs D.S. Dawson, Deep Connection Technologies, John Doe, Free Speech Coalition, JFF Publications, Charyn Pfeuffer<br><br>NOTE: Filer is instructed to serve the **sealed document** on all other parties.. (Sperlein, D.) (Entered: 07/11/2023) |
| 07/11/2023 | 34 | | **SEALED DOCUMENT** re 30 Order on Motion for Miscellaneous Relief,,,, Memorandum Decision,,, filed by Plaintiffs D.S. Dawson, Deep Connection Technologies, John Doe, Free Speech Coalition, JFF Publications, Charyn Pfeuffer<br><br>NOTE: Filer is instructed to serve the **sealed document** on all other parties.. (Sperlein, D.) (Entered: 07/11/2023) |
| 07/13/2023 | 35 | | MEMORANDUM in Support re 29 Defendant's MOTION to Dismiss and Memorandum in Support *Thereof* filed by Defendants Jess L. Anderson, Sean D. Reyes. (Sorenson, Lance) (Entered: 07/13/2023) |

| 07/13/2023 | <u>36</u> | | REPLY to Response to Motion re <u>24</u> Plaintiff's MOTION for Preliminary Injunction and Memorandum in Support filed by Plaintiffs D.S. Dawson, Deep Connection Technologies, John Doe, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. (Sandman, Jeffrey) (Entered: 07/13/2023) |
| 08/01/2023 | <u>37</u> | | <span style="color:red">MEMORANDUM DECISION AND ORDER– Defendants' <u>29</u> Motion is GRANTED. This action is dismissed without prejudice. Signed by Judge Ted Stewart on 8/1/2023. (mh) (Entered: 08/01/2023)</span> |
| 08/01/2023 | <u>38</u> | | <span style="color:red">JUDGMENT– This action is dismissed without prejudice. Magistrate Judge Daphne A. Oberg no longer assigned to case. Case Closed. Signed by Judge Ted Stewart on 8/1/2023. (mh) (Entered: 08/01/2023)</span> |
| 08/11/2023 | <u>39</u> | | NOTICE OF APPEAL as to <u>38</u> Judgment filed by D.S. Dawson, Deep Connection Technologies, John Doe, Free Speech Coalition, JFF Publications, Charyn Pfeuffer. Appeals to the USCA for the 10th Circuit. Filing fee $ 505, receipt number AUTDC–4774882. (Sperlein, D.) (Entered: 08/11/2023) |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FREE SPEECH COALITION, INC.; D.S. DAWSON; JOHN DOE; DEEP CONNECTION TECHNOLOGIES, INC.; CHARYN PFEUFFER; and JFF PUBLICATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JESS L. ANDERSON, in his official capacity as THE COMMISSIONER OF THE UTAH DEPARTMENT OF PUBLIC SAFETY; and SEAN D. REYES, in his official capacity as THE ATTORNEY GENERAL OF THE STATE OF UTAH,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:23-CV-287 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

In 2023, the Utah legislature passed a bill—S.B. 287—requiring commercial entities that provide pornography and other materials defined as being harmful to minors to verify the age of individuals accessing that material.[1] A commercial entity may be held liable if it "fails to perform reasonable age verification methods to verify the age of an individual attempting to access the material," and a commercial entity that is found to have violated the law "shall be liable to an individual for damages resulting from a minor's accessing the material, including

---

[1] Utah Code Ann. §§ 78B–3–1001 to –1002.

1

court costs and reasonable attorney fees as ordered by the court."[2]

S.B. 287 identifies three reasonable age verification methods. Relevant here is the use of a "digitized information card." The Act defines "digitized identification card" as

> a data file available on any mobile device which has connectivity to the Internet through a state-approved application that allows the mobile device to download the data file from a state agency or an authorized agent of a state agency that contains all of the data elements visible on the face and back of a license or identification card and displays the current status of the license or identification card.[3]

Plaintiffs contend that S.B. 287 is unconstitutional and seek an order "enjoining the Commissioner of Utah's Department of Public Safety from permitting its data files to be downloaded for use" in the age verification process "and the Attorney General from otherwise intervening to enforce the Act."[4] Defendants seek dismissal.

## II. MOTION TO DISMISS STANDARD

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction. When a facial attack of the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint, the Court applies the same standards as one made pursuant to Rule 12(b)(6).[5]

## III.  DISCUSSION

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

---

[2] *Id.* § 78B–3–1002(1), (3).

[3] *Id.* § 78B–3–1001(2).

[4] Docket No. 2 ¶ 63.

[5] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

2

11

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."
"[T]he Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's
own State in Federal Court."[6] It also extends to "suit[s] against a state official in his or her
official capacity" because such suits are "no different from a suit against the State itself."[7]
However, under the *Ex parte Young* exception to Eleventh Amendment immunity, a plaintiff
may bring suit to prospectively enjoin state officials from violating federal law.[8]

To invoke this exception, the named state official "must have some connection with the
enforcement" of the challenged statute.[9] Otherwise, the suit "is merely making him a party as a
representative of the state, and thereby attempting to make the state a party."[10] The named
official is "not required to have a 'special connection' to the unconstitutional act or conduct.
Rather, state officials must have a particular duty to 'enforce' the statute in question and a
demonstrated willingness to exercise that duty."[11]

Plaintiffs' claims against the Utah Attorney General do not fall within the *Ex parte Young*
exception to the Eleventh Amendment. As Plaintiffs' Complaint acknowledges, "the Act creates
a private right of action by which Utah residents—and not state actors—are empowered to do the
State's bidding."[12] Plaintiffs point to the Attorney General's general duties to "prosecute or

---

[6] *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (internal quotation marks and citation omitted).

[7] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[8] *Johns*, 57 F.3d at 1552.

[9] *Ex parte Young*, 209 U.S. 123, 157 (1908).

[10] *Id.*

[11] *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007).

[12] Docket No. 2 ¶ 63.

3

defend all causes to which the state or any officer, board, or commission of the state in an official

capacity is a party, and take charge, as attorney, of all civil legal matters in which the state is

interested" and to "give [their] opinion in writing and without fee."[13] However, the mere general

duty to enforce the law is not sufficient to invoke *Ex parte Young*.[14]

Plaintiffs rely on a series of Tenth Circuit cases where the court found a sufficient

connection between the authority of the attorney general and the enforcement of the relevant

state laws to allow for the *Ex parte Young* exception. These cases not only predate recent

Supreme Court authority on this issue, they are also distinguishable on the facts. In particular,

Plaintiffs cite to *Petrella v. Brownback*[15] and *Chamber of Commerce of the United States of*

*America v. Edmondson*.[16]

In *Petrella*, the Tenth Circuit found that the governor and attorney general of Kansas

were both proper parties to a suit challenging the state's school-funding laws. In addressing the

causation prong of the standing analysis, the court stated that "[i]t cannot seriously be disputed

that the proper vehicle for challenging the constitutionality of a state statute, where only

prospective, non-monetary relief is sought, is an action against the state officials responsible for

---

[13] Utah Code Ann. § 67-5-1(b), (g).

[14] *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) (quoting 13 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3524.3 (3d ed., Oct. 2020 update) ("[T]he duty must be more than a mere general duty to enforce the law.")); *see also Whole Woman's Health v. Jackson*, ---U.S.---, 142 S. Ct. 522, 534–35 (2021) (finding that the *Ex parte Young* exception did not apply where the attorney general did not possess any enforcement authority in connection with the law at issue).

[15] 697 F.3d 1285 (10th Cir. 2012).

[16] 594 F.3d 742 (10th Cir. 2010).

the enforcement of that statute."[17] It went on to state that it could not "be disputed that the Governor and Attorney General of the state of Kansas have responsibility for the enforcement of the laws of the state."[18]

The Tenth Circuit has recently distinguished *Petrella* in finding that suit against a state attorney general was barred by the Eleventh Amendment. In *Hendrickson v. AFSCME Council 18*, the Tenth Circuit found that the governor and attorney general of New Mexico were immune from suit where the statute at issue vested enforcement authority in a board that was independent from the governor and attorney general. In discussing *Petrella*, the court noted that there was no indication that "the statutory provisions at issue fell outside the scope of [the attorney general's] enforcement powers."[19] But, since the statute in *Hendrickson* vested enforcement power in an independent body, the court found that the plaintiff's reliance on *Petrella* unavailing. The same result is warranted here. While the Attorney General has a number of general duties, S.B. 287 vests enforcement authority in private citizens, not the Attorney General. As such, the *Ex parte Young* exception does not apply and *Petrella* does not dictate a different result.

In *Edmonson*, the Tenth Circuit addressed an Oklahoma statute that regulated "illegal immigration and verification of employment eligibility."[20] As to one provision of the statute, the court held that the attorney general was not protected by Eleventh Amendment immunity because it found that the attorney general had "a particular duty to enforce that section and a

---

[17] *Petrella*, 697 F.3d at 1293–94.

[18] *Id.* at 1294.

[19] *Hendrickson*, 992 F.3d at 968.

[20] *Edmonson*, 594 F.3d at 750.

demonstrated willingness to exercise that duty."[21] However, with respect to a different section of the statute, the court reached the opposite conclusion because the plaintiffs did "not cite to any Oklahoma law authorizing the Attorney General to enforce that provision."[22] Because the attorney general had no particular duty to enforce that provision, it fell "outside the scope of the *Ex parte Young* exception" and the attorney general was "entitled to immunity as to that challenge."[23] Thus, *Edmonson* does not support Plaintiffs' arguments.[24] Instead, *Edmonson* stands for the proposition that Eleventh Amendment immunity applies when the law at issue does not provide the attorney general with the power to enforce it.

In sum, Plaintiffs point only to the Attorney General's generalized responsibilities to enforce the laws of the state and provide written opinions to the legislature. Such general enforcement powers are not sufficient to establish the connection needed to invoke the *Ex parte Young* exception to Eleventh Amendment immunity. Plaintiffs have failed to demonstrate that the Attorney General has a particular duty to enforce S.B. 287 or that he has demonstrated a willingness to exercise that duty. Therefore, Plaintiffs' claims against the Utah Attorney General must be dismissed.

---

[21] *Id.* at 760 (citation omitted).

[22] *Id.*

[23] *Id.* (citing *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979) (merely because "an attorney general has a duty to prosecute all actions in which the state is interested [is not] enough to make him a proper defendant in every such action")).

[24] Plaintiffs' reliance on *Kitchen v. Herbert*, 755 F.3d 1193 (10th Cir. 2014), is also misplaced. There, the Tenth Circuit "conclude[d] that the Governor's and the Attorney General's actual exercise of supervisory power and their authority to compel compliance from county clerks and other officials provide[d] the requisite nexus between them and" the challenged law. *Id.* at 1204.

6

Turning to Plaintiffs' claims against Commissioner Anderson, they also fail to meet the *Ex parte Young* exception. Anderson is the Commissioner of the Utah Department of Public Safety. The Department includes the Driver License Division ("DLD"). The DLD manages Utah's Mobile Driver's License program ("mDL"), which provides an official copy of a user's driver's license or identification card to their mobile device.[25] Plaintiffs allege that the mDL program provides the only qualifying "digitized identification card," which is one of the three methods for reasonable age verification. It is this link between the mDL program and its use as a potential method for age verification that provides the basis for Plaintiffs' invocation of *Ex parte Young*. However, Plaintiffs admit that the mDL program "does not yet provide for the online verification necessary for the card to be of any use to putative providers and viewers of 'material harmful to minors' online."[26]

The Tenth Circuit has made clear that under the *Ex parte Young* exception, the state official must "have a particular duty to 'enforce' the statute in question and a demonstrated willingness to exercise that duty."[27] Commissioner Anderson has no ability to enforce S.B. 287. Rather, as Plaintiffs admit, that provision provides for a private right of action. Plaintiffs argue that the mDL program, as a potential method for age verification, will help give effect to S.B. 287.

The Tenth Circuit has applied the *Ex parte Young* exception where "[d]efendants, although not specifically empowered to ensure compliance with the statute at issue, clearly have

---

[25] Docket No. 2 ¶ 18.

[26] *Id.*

[27] *Hendrickson*, 992 F.3d at 965 (citation omitted).

7

assisted or currently assist in giving effect to the law."[28] For example, in *Wagnon*, the court applied the *Ex parte Young* exception where the defendants were all state officials who, in one way or another, had some connection with the statute at issue.[29] That is not the case here, where Commissioner Anderson's connection with S.B. 287 is only that he oversees the mDL program. Such a connection is simply too attenuated to provide the connection required by *Ex parte Young*.[30]

Further, as noted, the mDL program's online verification is not currently operative. Its functionality is currently limited to an in-person scan.[31] As such, it can hardly be said that Commissioner Anderson clearly has assisted or currently assists in giving S.B. 287 effect.

Even assuming that Commissioner Anderson's connections to the mDL program were sufficient to invoke the *Ex parte Young* exception, Plaintiffs claims against Commissioner Anderson are not ripe. Plaintiffs admit that the mDL program does not yet provide for online verification. Plaintiffs speculate that the entity that provides the digitized identification card "may or may not choose to do business with covered websites, and may or may [not] charge constitutionally permissible fees for use of its product."[32] Such speculative statements demonstrate that any claim against Commissioner Anderson, to the extent there could be one, is premature.

---

[28] *Wagnon*, 476 F.3d at 828 & n.15.

[29] *Id.* at 828.

[30] *Ex parte Young*, 209 U.S. at 157.

[31] Docket No. 32, at 3.

[32] Docket No. 2 ¶ 50.

Plaintiffs argue that Defendants are the equivalent of the licensing officials in *Whole Woman's Health* that the Supreme Court concluded fell within the scope of the *Ex parte Young* exception. However, the Court reached this conclusion because each of those individuals was "an executive licensing official who may or must take enforcement actions against the petitioners if they violate the terms of Texas's Health and Safety Code, including" the challenged law.[33] Because those defendants had the authority to enforce the challenged provision, this was sufficient to allow the suit to proceed against them.[34] Defendants here do not possess any similar enforcement authority. As such, they are more akin to the Texas attorney general in *Whole Woman's Health*, who did not fall within the *Ex parte Young* exception.[35]

Plaintiffs also suggest that "[r]elief from this Court would likewise redress Plaintiffs' injuries by discouraging putative litigants from wasting time suing under a statute promising illusory awards of unrecoverable damages."[36] The Supreme Court rejected a similar argument in *Whole Woman's Health*. There, the petitioners argued that enjoining the attorney general from enforcing a statute "would also automatically bind any private party who might try to bring . . . suit against them."[37] The Court noted that this theory suffered "from some obvious problems."[38]

---

[33] *Whole Woman's Health*, 142 S. Ct. at 535.

[34] *Id.* at 535–36.

[35] *Id.* at 534 ("While *Ex parte Young* authorizes federal courts to enjoin certain state officials from enforcing state laws, the petitioners do not direct this Court to any enforcement authority the attorney general possesses in connection with S. B. 8 that a federal court might enjoin him from exercising").

[36] Docket No. 32, at 14.

[37] *Whole Woman's Health*, 142 S. Ct. at 534.

[38] *Id.*

The Court explained that even "[s]upposing the attorney general did have some enforcement authority . . . , the petitioners have identified nothing that might allow a federal court to parlay that authority, or any defendant's enforcement authority, into an injunction against any and all unnamed private persons who might seek to bring their own . . . suits."[39] Therefore, the potential to ward off future suits is not sufficient.

The Court acknowledges Plaintiffs' concerns about the propriety of the legislature outsourcing the enforcement of laws that raise important constitutional questions. The wisdom of such policy decisions is best left to the other branches of government. It may be of little succor to Plaintiffs, but any commercial entity sued under S.B. 287 "may pursue state and federal constitutional arguments in his or her defense,"[40] they just cannot receive a pre-enforcement injunction against the two named Defendants.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion (Docket No. 29) is GRANTED. This action is dismissed without prejudice.

DATED this 1st day of August, 2023.

BY THE COURT:

Ted Stewart
United States District Judge

---

[39] *Id.* at 535.

[40] *Id.* at 537.

10

AO 450 (Rev.5/85) Judgment in a Civil Case

# United States District Court

## District of Utah

FREE SPEECH COALITION, INC.; D.S.
DAWSON; JOHN DOE; DEEP
CONNECTION TECHNOLGIES, INC.;
CHARYN PFEUFFER; and JFF
PUBLICATIONS, LLC,

        Plaintiffs

        v.

JESS L. ANDERSON, in his official
capacity as THE COMMISSIONER OF
THE UTAH DEPARTMENT OF
PUBLIC SAFETY; and SEAN D.
REYES, in his official capacity as
THE ATTORNEY GENERAL OF THE
STATE OF UTAH,

        Defendants

**JUDGMENT IN A CIVIL CASE**

Case Number: 2:23-CV-287-TS

IT IS ORDERED AND ADJUDGED

that this action is dismissed without prejudice.

August 1, 2023
_____
*Date*

BY THE COURT:

_____
Ted Stewart
United States District Judge

20

Jeffrey Keith Sandman (*pro hac vice*)
Webb Daniel Friedlander LLP
5208 Magazine St Ste 364
New Orleans, LA  70115
Phone: (978) 886-0639
e-mail: jeff.sandman@webbdaniel.law

Jerome Mooney (SBN 2303)
Weston, Garrou & Mooney
50 West Broadway, #300
Salt Lake City, Utah  84101
Phone: 801-364-5635
e-mail: jerrym@mooneylaw.com

D. Gill Sperlein (*pro hac vice*)
The Law Office of D. Gill Sperlein
345 Grove Street
San Francisco, CA  94102
Phone: 415-404-6615
e-mail: gill@sperleinlaw.com

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

|  |  |
|---|---|
| FREE SPEECH COALITION, INC.; D.S. DAWSON; JOHN DOE; DEEP CONNECTION TECHNOLOGIES, INC.; CHARYN PFEUFFER; and JFF PUBLICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JESS L. ANDERSON, in his official capacity as THE COMMISSIONER OF THE UTAH DEPARTMENT OF PUBLIC SAFETY; and SEAN D. REYES, in his official capacity as THE ATTORNEY GENERAL OF THE STATE OF UTAH, <br><br> Defendants. | CASE NO.: 23-cv-287 <br><br> JUDGE STEWART <br> MAG. JUDGE OBERG |

**NOTICE OF APPEAL**

Free Speech Coalition, Inc.; D.S. Dawson; John Doe; Deep Connection Technologies,

Inc.; Charyn Pfeuffer; and Jff Publications, LLC appeal to the United States Court of Appeals for the

Tenth Circuit from the Judgment in a Civil Case entered on August 1, 2023.

Respectfully Submitted,

                                      D. Gill Sperlein (Pro Hac Vice)

                   By    */s/ D. Gill Sperlein*

Date: August 11, 2023

                                     THE LAW OFFICE OF D. GILL SPERLEIN

                                     Jeffrey Keith Sandman (Pro Hac Vice)
                                     WEBB DANIEL FRIEDLANDER LLP

                                     Jerome Mooney
                                     WESTON, GARROU & MOONEY
                                     Attorneys for Plaintiffs